UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U S DISTRICT COURT
EASTERN DISTRICT OF LA

2003 SEP 22 PM 4: 16

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **JOYCELYN PIKES** <br> for themselves and for a class of individuals <br> similarly situated.... <br><br> Plaintiffs <br><br> verses <br><br> **CANADIAN NATIONAL RAILWAY COMPANY and ILLINOIS CENTRAL RAILROAD COMPANY d/b/a as CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY** <br><br> Defendants | Civil Action No: <br><br> CLASS ACTION COMPLAINT <br> DEMAND FOR JURY TRIAL <br><br> SECTION "___" <br><br> 03-2651 <br><br> SECT. A MAG 1 <br><br> MAGISTRATE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR DAMAGES - CLASS ACTION

**NOW INTO COURT**, through the undersigned counsel, comes plaintiff, Joycelyn Pikes, who files the Complaint for Damages - Class Action, on her behalf, and on the behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiff herein represents that she has injuries common to all those similarly situated who incurred damages arising out of the derailment of a Canadian National Railway Company/Illinois Central Railroad Company train in Amite, Tangipahoa Parish, Louisiana and the subsequent release of toxic chemicals which occurred on Saturday, October 12, 2002.

Fee $150 ___
Process ___
X Dktd ___
CtRmDep ___
Doc. No. ___

1.

This class action proceeding is brought on behalf of:

> All residents and domiciliaries of the Parish of Tangipahoa, State of Louisiana who were present or owned property, in Tangipahoa Parish on Saturday, October 12, 2002 and who sustained injuries and damages as the result of the derailment of a Canadian National Company train and the subsequent release of toxic chemicals.

2.

Named plaintiff/class representative herein is Joycelyn Pikes, a person of the full age of majority and a resident of the Parish of Tangipahoa, State of Louisiana.

3.

At all times relevant herein, plaintiff was a resident of the Parish of Tangipahoa and was present in Tangipahoa Parish at the time of the derailment of the Canadian National Railway/Illinois Central Railroad train which occurred on Saturday, October 12, 2002.

4.

Made defendants herein are:

a.  **CANADIAN NATIONAL RAILWAY COMPANY** (herein sometimes referred to as "CN"), a foreign Corporation not listed with the Louisiana Secretary of State but doing business in the State of Louisiana, Parish of Tangipahoa at all times material hereto. Their main place of business is located at 935 de La Gauchetiere Street, West, Montreal, Quebeck H3B 2M9.

b. **ILLINOIS CENTRAL RAILROAD COMPANY** (hereinafter sometimes referred to as ICR) a foreign corporation domiciled in the State of Illinois, which is authorized to do and doing business in the State of Louisiana at all times material hereto. Their main place of business is located in Illinois and which their Louisiana agent for service of process, C.T. Corporation Systems, is located at 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809.

5.

Diversity of citizenship exists between plaintiff and all the defendants and therefore this Court's jurisdiction over the subject matter of this dispute is established by virtues of the provisions of 28 U.S.C. § 1332 (complete diversity of citizenship). Plaintiffs allege that they have each incurred damages in excess of $75,000.00 exclusive of interest and court costs.

6.

Venues is proper in the Eastern District of Louisiana as defendants CN and ICR operate a railroad through this district, plaintiffs are residents of this district and the location of the train derailment and subsequent injuries occurred in this district.

7.

Canadian National Railway Company and the Illinois Central Railroad Company do substantial business in the State of Louisiana and within this federal District, and they are personally subject to jurisdiction of this court.

8.

A CN/OCR train derailment near Amite, Tangipahoa Parish, Louisiana on Saturday, October 12, 2002. Said derailment caused emissions of toxic chemicals including but not necessarily limited to hydrochloric acid and styrene. This resulted in injuries to plaintiffs and numerous other individuals over a large area of Tangipahoa Parish, Louisiana.

9.

Upon information and belief, plaintiff alleges that the chemicals released are hazardous and harmful chemicals which can cause medical problems and damage to property.

10.

The CN/ICR train derailment also caused the evacuation of a large number of individuals and caused school closings. The derailment and subsequent release of chemicals also caused great fear, inconvenience, property damages and personal injuries to plaintiff and those similarly situated.

11.

CN and ICR, at all times pertinent hereto, had their control and custody, the train and rail system involved in the derailment and as a result they are responsible for the defects in said system and for damages caused by the derailment.

12.

The derailment and emissions were caused by the fault and/or negligence and/or premises

liability and/or strict liability of defendants, CN and ICR.

13.

Plaintiff and other persons in the vicinity of the ensuing spill, leak and/or release, sustained damages including but not necessarily limited to personal injuries, emotional damages, mental damages, medical expenses, lost wages, shelter in place damages, property damages, property value diminution, inconvenience and general damages.

14.

Plaintiff and other persons in the vicinity of the spill, leak and/or release fear that as a result of the exposure will suffer adverse health consequences and/or disease in the future.

15.

This action is brought by the named plaintiff as a class action, on her own behalf and on the behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16.

Plaintiff seeks to represent a class consisting of all persons and entities who are residents of the Parish of Tangipahoa and who sustained property damage, personal injuries, emotional, mental or economic damages and/or inconveniences as a result of the derailment which occurred on Saturday, October 12, 2003.

17.

Although the exact number of the members of the class is unknown at this time, it is estimated that there are hundreds or thousands of members and the class is so numerous that joinder of the individual members in this action is impracticable, but not so many members that administration of the class is unmanageable.

18.

There are more questions common to members of the class than the questions affect only individual members of the class. Such common questions include whether CN and ICR are responsible to plaintiff and the class:

a. In allowing to exist a hazardous situation consisting of faulting or damage equipment or track;

b. In failing to discover or repair the faulty or damaged equipment, parts, appurtenances and track;

c. In failing to properly inspect to assure that equipment and track was fit for their intended purposes;

d. In acting in a careless and negligent manner without due regard for the safety of others;

e. In failing to promulgate, implement and enforce rules and regulations pertaining to the safe operation of the train and railroad system.

f. In inadequately and negligently training and hiring its employees;

g. In failing to take proper action to a void or mitigate the accident;

h. In neglecting implementing policies and procedures to safely maintain the train and track;

i. In failing to properly inspect, maintain and repair the train, the track and other equipment

in question including their contents, components and appurtenances

j.  In employing untrained or poorly trained employees and failing to properly train their employees;

k.  In failing to ascertain that the equipment in question was free from defects and /or proper working order;

l.  In failing to recognize and properly react to indications and warnings signs of the derailment and emissions;

m.  In failing to monitor appropriate readings in a timely fashion;

n.  For such other acts of negligence as will be shown at the trial of this matter.

19.

In addition to the negligence stated above, and in the alternative thereto, the injuries and damages sustained by the plaintiff and others were caused by the acts or omissions of defendants CN and ICR, which acts or omissions may be beyond proof by the plaintiff herein, but which were in the knowledge and control of defendant, there being on other possible conclusions than that chemical leak, spill and/or release resulted from the negligence of defendant. Furthermore, emissions would not have occurred had defendant exercised the high degree of care imposed on it and plaintiffs therefore plead the doctrine of <u>Res ipsa loquitur.</u>

20.

The claims of the named plaintiffs are typical of the claims of the other members of the proposed class and plaintiff can and will fairly and adequately represent the class. The named

plaintiff has no interest adverse to the interests of the class. Counsel selected by the above named plaintiff are experienced in handling class actions, mass tort and other complex litigations and will fairly and adequately represent the interests of all the members of the class.

21.

The prosecution of separate actions by individuals members of the class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the defendant, or (b) adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

22.

A class action is a superior method of adjudicating the rights of the parties; and this action would be manageable as a class action.

23.

Plaintiff is entitled to and prays for a trail by jury to all issues so triable.

**WHEREFORE,** plaintiff, individually and on behalf of all those similarly situated members of the proposed class, prays:

(1)   that Summons be issued to Canadian National Railway Company and the Illinois

Central Railroad Company, along with copy of the complaint and that they be cited to appear and answer same:

(2) for an order certifying the class and any appropriate subclass thereof under the appropriate provision of Federal Rule of Civil Procedure, Rule 23, and appointing complaints and their counsel to represent the Class;

(3) after due proceedings are had, including trial by jury, that the judgment be rendered in favor of plaintiff and the proposed class and against defendants, Canadian National Railway company and Illinois Central Railroad Company, in the amount to compensate plaintiffs and each member of the class for all the damages to which they are entitled by law;

(4) for legal interest on all the damages awarded form date of judicial demand until paid;

(5) for the costs of the litigation;

(6) for such other and further damages and relief as the Court may deem just and proper.

> Respectfully submitted,
> Jonathan B. Andry
> **THE ANDRY LAW FIRM**
> 610 Baronne Street
> New Orleans, LA 70113
> Telephone: (504)586-8899
> Facsimile: (504)586-8933
>
> By: _____
> Jonathan B. Andry (LSBA #20081)